1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   SHAWN A. TOLIVER, SB# 148349
2  HELEN LEE GREENBERG, SB# 230682
   One Sansome Street, Suite 1400
3  San Francisco, California 94104
   Telephone:   (415) 362-2580
4  Facsimile:   (415) 434-0882

5  Attorneys for Defendant SILVERADO COUNTRY CLUB & RESORT, INC.
   (erroneously sued herein as SILVERADO COUNTRY CLUB)

FILED
07 JUL 13 PM 4:13

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 07  3633  BZ

| | |
|---|---|
| JOHN McBRATNEY and JEAN McBRATNEY, | CASE NO. |
| Plaintiffs, | Action Filed: June 11, 2007 |
| v. | **DEFENDANT SILVERADO COUNTRY CLUB & RESORT INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO STRIKE ALL REQUEST FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| SILVERADO COUNTRY CLUB; and DOES 1-100, | |
| Defendants. | |
| | [Fed. R. Civ. P. 12(b)(6) and 12(f)] |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on August 17, 2007, at _____ a.m. or as soon thereafter as may be heard in the above-entitled court, located at 450 Golden Gate Avenue, 16th Floor, San Francisco, California, defendant SILVERADO COUNTRY CLUB & RESORT, INC. (erroneously sued herein as "SILVERADO COUNTRY CLUB"), will move the court to dismiss Plaintiffs' claim for punitive damages pursuant to Federal Rule

4846-9388-2369.1
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED  [FED. R. CIV. P. 12(B)(6)]

1  of Civil Procedure 12(b)(6) on the grounds that Plaintiffs' complaint fails to state a claim
2  upon which relief can be granted. In addition, defendant Silverado moves for an order
3  striking all requests for exemplary and punitive damages from the complaint.

4      This motion will be based on this notice of motion and motion, the attached
5  memorandum of points and authorities filed herewith, the Declaration of Helen Lee
6  Greenberg, all pleadings and papers on file herein, all matters of which this Court must or
7  may take judicial notice, and upon such other and further evidence and argument as the
8  court deems just and proper.

10 DATED: July 13, 2007        Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Shawn A. Toliver
Helen Lee Greenberg
Attorneys for Defendant SILVERADO COUNTRY
CLUB & RESORT, INC. (erroneously sued herein
as SILVERADO COUNTRY CLUB)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The matter arises from an alleged trip and fall incident that took place on July 4, 2006 at defendant SILVERADO's resort in Napa, California. Plaintiff JOHN McBRATNEY claims that he tripped and fell over a protruding platform on a parked golf cart causing him to suffer injuries. Mr. Bratney's wife, plaintiff JEAN McBRATNEY, seeks damages for alleged emotional injuries she sustained as a result of witnessing her husband get injured.

In addition to their claim for medical specials and general damages, plaintiffs are also seeking exemplary and punitive damages against defendant SILVERADO for this negligence cause of action. However, the complaint is plainly devoid of any facts in support of plaintiffs claim for punitive damages. Plaintiffs' boilerplate allegations of malice, fraud and oppression without providing any factual contentions in support of such a claim fails to state a claim upon which relief can be granted. Furthermore, the claim is speculative, impertinent and scandalous, and therefore should be stricken pursuant to Fed. R. Civ. P. 12(f).

## II.   RELIEF SOUGHT

Defendant respectfully requests that plaintiffs claim for exemplary and punitive damages should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and stricken pursuant to Fed. R. Civ. P. 12(f), on the ground that the relief is not supported by the allegations of the complaint and therefore fails to state a claim upon which relief can be granted. Moreover, the claim is speculative, impertinent and scandalous and would be prejudicial against defendant Silverado to allow plaintiff to pursue a claim for punitive damages without any evidence in support of such a claim.

## III.   FACTUAL BACKGROUND

On July 4, 2006, plaintiffs John and Jean McBratney were guests at defendant Silverado's resort in Napa, California. Plaintiffs claim that they were returning to their room and walking along a paved walkway when plaintiff John McBratney tripped and fell

1  over a protruding platform from a golf cart. He fell to the ground sustained injuries.
2  Plaintiff Jean McBratney was walking immediately behind and personally witnessed the
3  injury to her husband. (Plaintiffs' Complaint attached as Exhibit A to the Declaration of
4  Helen Lee Greenberg (hereinafter "Greenberg Decl.", filed concurrently herewith.)

5  On July 11, 2007, plaintiffs filed a complaint for personal injury against defendant
6  Silverado Country Club & Resort, Inc. Plaintiffs allege negligence and premises liability
7  against defendant Silverado. Plaintiffs claims that defendant Silverado negligently
8  permitted a dangerous condition to exist by allowing a golf cart with a protruding platform
9  to be parked directly adjacent to and protrude into a designated walkway for pedestrians.
10 Plaintiffs claim that Silverado negligently failed to maintain, manage and operate its
11 premises and wilfully failed to warn against such a dangerous condition. (Exhibit A to
12 Greenberg Decl.)

13 Plaintiffs are seeking special damages, including medical specials and lost of
14 earning capacity, and general damages. In addition, plaintiffs included an exemplary
15 damages attachment to the complaint, seeking punitive damages against Silverado on the
16 grounds that defendant was guilty of malice, fraud and oppression in causing Plaintiffs'
17 injuries. To support their request for exemplary damages, Plaintiffs incorporate by
18 reference two earlier paragraphs of the complaint, paragraphs L-1 and L-3 (willful failure
19 to warn of dangerous condition). No additional facts are set forth regarding the
20 circumstances surrounding this incident and in support of plaintiffs' claim for exemplary
21 damages.

## IV. AUTHORITY FOR MOTION TO DISMISS

23 Fed. R. Civ. P. 8(a)(2) provides that a complaint for damages must contain "a short
24 and plain statement of the claim showing that the pleader is entitled to relief..." Fed. R.
25 Civ. P. 8(a)(2). However, a plaintiff's duty to provide the basis for this "entitlement"
26 requires more than a mere recitation of the elements of a particular cause of action. *Bell*
27 *Atlantic Corp. v. Twombly*, 127 U.S. 1955, 1959 (2007). "Factual allegations must be
28 enough to raise a right to relief above the speculative level on the assumption that all of the

1 complaint's allegations are true...[a]llegation gets the complaint close to stating a claim,
2 but without further factual enhancement it stops short of the line between possibility and
3 plausibility. *Id.*

4     Where a claim fails to set forth facts sufficient to warrant the relief sought as
5 required under Fed. R. Civ. P. 8(a)(2), a defendant may move to dismiss the claim,
6 pursuant to Fed. R. Civ. P. 12(b)(6). A motion brought under Rule 12(b)(6) analyzes the
7 legal sufficiency of the claim or claims stated in the complaint. The issue raised by a
8 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim
9 for relief. Under Rule 12(b)(6), a dismissal is proper for a failure to state a claim where "it
10 is clear that no relief could be granted under any set of facts that could be proved consistent
11 with the allegations." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).
12 "[D]ismissal can be based on the lack of a cognizable legal theory or the absence of
13 sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police
14 Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

15     Although a request for punitive damages is not an independent cause of action, it is
16 not excluded by Fed. R. Civ. P. 12(b)(6). "[T]he language of 12(b)(6) does not prohibit an
17 analysis of punitive damages. Rule 12(b)(6) provides that dismissal is proper 'for failure to
18 state a claim upon which relief can be granted.'" *K.E.K. ex rel. Kauffman v. The Grier
19 School*, No. Civ. 1:CV-05-0386, 2005 WL 2028700, at *3 (M.D. Pa. July 25, 2005).

20     In *Parker v. Fidelity Security Life Ins. Co.*, No. CIV F 06-654 AWI DLB, 2006 WL
21 1456063 (E.D. Cal. 2006), the plaintiff brought suit against the defendant for denial of
22 benefits under her late husband's life insurance policy. The complaint brought a request
23 for punitive damages on the grounds that the defendant insurer refused to investigate the
24 plaintiff's loss by "ignoring" the medical records provided to it by the plaintiff. The Court
25 granted the defendant's motion to dismiss punitive damages claim brought under Fed. R.
26 Civ. P. 12(b)(6), as it found that the complaint failed to provide specific allegations of
27 malice, fraud, or oppression. While the court acknowledged that "minute detail" was not
28 required by Fed. R. Civ. P. 8, it concluded that the plaintiff had not provided sufficient

facts to support her request. As discussed below, the circumstances in the instant matter are strikingly similar.

## V.  LEGAL ARGUMENT

### A. Plaintiffs Failed to Provide Any Specific Facts Demonstrating that Punitive Damages are Warranted in This Action

Punitive damages are generally disfavored and should be granted with the greatest caution. *Beck v. State Farm Mut. Auto Ins. Co.,* 54 Cal.App.3d 347, 355 (1976). A plaintiff seeking punitive damages must plead and prove, by clear and convincing evidence, that the defendant breached an obligation not arising from contract, and that "the defendant has been guilty of oppression, fraud, or malice..." *California Civil Code* §3294(a). "Punitive damages are appropriate if the defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy. The mere carelessness or ignorance of the defendant does not justify the imposition of punitive damages." *Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co.*, 185 Cal.App.3d 1149, 1154 (1986).

Whichever theory a plaintiff elects to pursue (oppression, fraud, or malice), he or she must plead and prove by clear and convincing evidence that the defendant's acts were performed with the intention of depriving the plaintiff of "property or legal rights or otherwise causing injury." *California Civil Code* § 3294(c)(3).) The phrase "conscious disregard" is used to "describe the highly culpable state of mind which justifies an exemplary award." *G.D. Searle & Co. v. Superior Court,* 49 Cal.App.3d 22, 32 (1975). A complaint which fails to allege that the defendant acted with this state of mind, **in specific terms**, is insufficient to support a request for punitive damages. *Id.* at 32-33 [conclusory allegations of wrongful, knowing, and willful conduct are not enough; complaint must allege intent to injure plaintiff, or conscious disregard of plaintiff's rights].

Merely characterizing a defendant's conduct as "oppressive," "malicious" or "wanton" is insufficient to meet the pleading burden. **Specific facts** must be alleged to show that the defendant acted with the requisite malice, oppression, or fraud. *Appl v. Lee Swett Livestock Co.,* 192 Cal.App.3d 466, 470 (1987). Conclusory characterizations,

unsupported by specific factual allegations of malice, oppression, or fraud are insufficient. *Brousseau v. Jarrett*, 73 Cal.App.3d 864, 872 (1977). Where the injury complained of is not deliberately inflicted by the defendant, a plaintiff seeking to recover punitive damages must prove that the defendant acted with a conscious disregard of the plaintiff's safety. *O'Hara v. Western Seven Trees Corp. Intercoast Management,* 75 Cal.App.3d 798 (1977).

The complaint in the instant matter fails to comply with the foregoing, as plaintiffs have not set forth *any* basis for their request for exemplary damages. There are no specific facts to demonstrate that Defendant's conduct was in any manner oppressive, fraudulent, or malicious. Plaintiffs have merely listed each of these theories by way of attachment to the complaint. In lieu of offering specific factual support, Plaintiffs defer to the preceding paragraphs of the complaint, none of which shed any light as to the basis for the claim that defendant possessed the requisite intent to harm plaintiffs. The minimal facts submitted by plaintiffs describe only the incident during which plaintiff John McBratney tripped and fell over a portion of a golf cart. The plaintiffs have taken a great leap in asserting that on these grounds, punitive damages are appropriate. However, "a pleading must allege facts and not conclusions..." *Appl, supra,* at 470. Merely, checking a box on a form complaint, as plaintiffs have done here, that defendants wilfully failed to warn of the dangerous condition is speculative, without foundation, immaterial and unsupported.

Plaintiffs have failed to fulfill their obligation under FRCP 8(a)(2). As the United States Supreme Court held in *Bell Atlantic, supra*, issuing a blanket statement that defendant is guilty of malice, fraud and oppression, without providing any factual basis for these allegations, does not "raise a right to relief above the speculative level." *Bell Atlantic, supra*, at 1959. Under the circumstances, Plaintiffs' request for exemplary damages should be dismissed and stricken from the complaint.

**B.    Plaintiffs Failed to Allege Punitive Damages Under the Corporate Standard.**

Defendant in this action is a corporation. Plaintiffs' prayer fails to allege punitive damages under the corporate employer standard. As a corporation, defendant Silverado,

1  lacks the mind ordinarily capable of intent to injure or deceive.  Accordingly, defendant
2  can only become vulnerable to a claim for punitive damages where its employees acted
3  with the requisite mal intent. *California Civil Code* 3294(b); *Cruz v. HomeBase* 83
4  Cal.App.4th 160 (2000).)

5  In the case of *Ayat v. Societe Air France*, No. C 06-01574 JSW, 2007 WL 1100315
6  (N.D. Cal. 2007), the plaintiff failed to identify any alleged malicious acts that were
7  committed by the defendant's employees, or by its officers and directors.  On these
8  grounds, the Court granted the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss in
9  regards to the prayer for punitive damages. *Id.*  Similarly, in the instant matter, Plaintiffs
10 have failed to submit any facts demonstrating malice on the part of defendant Silverado's
11 officer, director, or managing agent, or other employees, as such, the claim for punitive
12 damages should be dismissed and stricken.

13 Furthermore, for an employer to be held liable for an employee's tort under the
14 doctrine of Respondeat superior, he is not responsible for punitive damages where he
15 neither directed nor ratified the act. *Ebaugh v. Rabkin,* 22 Cal.App.3d 891, 895 (1972).
16 For purposes of determining an employer's liability for punitive damages, ratification
17 generally occurs where, under the particular circumstances, the employer demonstrates an
18 intent to adopt or approve oppressive, fraudulent, or malicious behavior by an employee in
19 the performance of his job duties.  Corporate ratification in the punitive damages context
20 requires actual knowledge of the conduct and its outrageous nature. *College Hospital v.*
21 *Superior Court,* 8 Cal.4th 704, 726 (1994)

22 Plaintiffs have failed to allege any facts that Silverado directed, authorized or
23 subsequently ratified any alleged malicious conduct by its employees, with knowledge as to
24 the malicious quality of such alleged act or conduct.  Plaintiffs' conclusory allegations are
25 insufficient to support plaintiffs' claim for punitive and exemplary damages.

26 **VI.   CONCLUSION**
27 Plaintiffs' complaint fails to set forth facts sufficient to state a claim for punitive
28 damages.  Therefore, based on the foregoing, defendant SILVERADO respectfully

1  requests that Plaintiffs' request for punitive damages be dismissed and stricken from the
2  complaint.

4  DATED: July /3, 2007             Respectfully submitted,

   LEWIS BRISBOIS BISGAARD & SMITH LLP

   By_____
   Shawn A. Toliver
   Helen Lee Greenberg
   Attorneys for Defendant SILVERADO COUNTRY
   CLUB & RESORT, INC. (erroneously sued herein
   as SILVERADO COUNTRY CLUB)

LEWIS BRISBOIS BISGAARD & SMITH LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580

4846-9388-2369.1                         -9-
DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED [FED. R. CIV. P. 12(B)(6)]

# PROOF OF SERVICE
United States District Court, Northern District of California Case No.

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

    I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is One Sansome Street, Suite 1400, San Francisco, California 94104.

    On July 13, 2007, I served the following document described as

**DEFENDANT SILVERADO COUNTRY CLUB & RESORT INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND TO STRIKE ALL REQUEST FOR PUNITIVE DAMAGES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on all interested parties in this action by placing [X] a true copy [ ] the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| C. Martin Gibson, Esq.<br>Gibson Law Offices<br>394 Bel Marin Keys Blvd., Ste. 3<br>Novato, CA 94949<br>Telephone: 415-883-0166<br>Facsimile: 415-883-5081 | Attorneys for Plaintiffs **JOHN & JEAN McBRATNEY** |

[ ]    (BY FACSIMILE) The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a record of the transmission.

[X]    (BY MAIL, 1013a, 2015.5 C.C.P.)

    [ ]    I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

    [X]    I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 13, 2007, at San Francisco, California.

                                                    _/s/ Elaine Auwbrey_
                                                    Elaine Auwbrey

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FED. R. CIV. P. 12(B)(6)]

Lewis Brisbois Bisgaard & Smith LLP
ONE SANSOME STREET, SUITE 1400
SAN FRANCISCO, CALIFORNIA 94104
TELEPHONE (415) 362-2580